# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| RANDY DWAYNE ROSS<br>*Petitioner,*<br><br>v.<br><br>LESLIE FLEMING<br>*Respondent.* | CIVIL NO. 6:13–cv–00034<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the court upon Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254 (docket no. 1) and Respondent's motion to dismiss (docket no. 9). Because the record fails to show that Petitioner's plea and sentencing comported with *Miller/Montgomery*, Petitioner's writ of habeas corpus will be granted, and Respondent's motion to dismiss will be denied.

## I. BACKGROUND AND PROCEDURAL HISTORY

On June 4, 1999, Petitioner Randy Dwayne Ross pled guilty to capital murder, robbery, and two counts of use of a firearm. The Circuit Court of Bedford County sentenced Petitioner to two terms of life imprisonment without parole plus eight years.

In 2013, the Petitioner filed a petition for habeas relief from his two life sentences based on *Miller v. Alabama*, 132 S. Ct. 2455 (2012). *Miller* established the requirement that juveniles, before being sentenced to life without parole, must receive "individualized sentencing decisions" in which judges "must have the opportunity to consider mitigating circumstances before imposing the harshest possibility penalty for juveniles." *Id.* at 2475.

On January 25, 2016, the United States Supreme Court held in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), that *Miller's* prohibition against the imposition on a juvenile defendant of

a life sentence without the possibility of parole was retroactive. *Id.* at 729.

*Montgomery* further clarified the *Miller* opinion, explaining that "*Miller* determined that sentencing a child to life without parole is excessive for all but the rare juvenile offender whose crime reflects irreparable corruption." *Id.* at 733 (internal quotation marks omitted). The Court acknowledged "that a sentencer might encounter the rare juvenile offender who exhibits such irretrievable depravity that rehabilitation is impossible and life without parole is justified." *Id.* Before a life without parole sentence could be imposed, however, "[a] hearing where 'youth and its attendant characteristics' are considered as sentencing factors is necessary to separate those juveniles who may be sentenced to life without parole from those who may not." *Id.* at 735 (citation omitted).

The Petitioner was sentenced pursuant to a plea agreement and, accordingly, no presentence report was prepared. There is no record of what happened at the plea sentencing hearing because the court reporter's tape of the hearing was destroyed. For that reason, there is no evidence that the circuit court considered any factors relating to Petitioner's youthful immaturity or incorrigibility.

Accordingly, on April 6, 2016, this court directed the parties to brief the "sole legal issue in this case" and "address why this Court, following *Montgomery*, should not vacate the Petitioner's sentence and order a new sentencing proceeding in Virginia state court." Docket No. 29, at 1.

## II.  DISCUSSION

There is no evidence that the circuit court which sentenced Petitioner considered "youth and its attendant characteristics" in order to determine whether Petitioner is one of those "rare juvenile offenders who exhibits such irretrievable depravity that rehabilitation is impossible and

Case 6:13-cv-00034-NKM-RSB   Document 35   Filed 06/16/16   Page 2 of 4   Pageid#: 869

life without parole is justified." *Montgomery*, 136 S. Ct. at 733–735. Indeed, Respondent freely admits that it "is constrained to acknowledge that the state court record of [Petitioner's] plea and sentencing would not support a finding that the state court complied with the requirements for imposition of a life sentence for capital murder set forth in *Miller/Montgomery*." Docket No. 30, at 8.

Respondent now argues, however—for the first time—that Petitioner has not exhausted his available state court remedies on his *Miller* claim, and accordingly claims that this court should dismiss the action so that Petitioner can file a habeas petition in state court.

28 U.S.C. § 2254(b)(1)(A) provides that a "writ of habeas corpus on behalf of a person custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ."

The statute also provides, however, that exhaustion is not required where "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §2254(b)(1)(B)(i)–(ii).

Respondent argues that, pursuant to Virginia's habeas corpus statute, Petitioner has one year from the date of *Montgomery* to file his habeas petition in state court. This view is mistaken.

Va. Code § 8.01-65(A)(2) provides that:

> A petition for writ of habeas corpus ad subjiciendum, other than a petition challenging a criminal conviction or sentence, shall be brought within one year after the cause of action accrues. A habeas corpus petition attacking a criminal conviction or sentence, except as provided in § 8.01-654.1 for cases in which a death sentence has been imposed, shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.

Petitioner's habeas corpus petition is one "challenging a criminal conviction or sentence." Accordingly, Petitioner's state habeas corpus petition must have been "filed within two years from

the date of final judgment in the trial court or within one year from either final disposition of direct appeal in state court or the time for filing such appeal has expired." Such time has long since passed. Moreover, "[t]he statute contains no exception allowing a petition to be filed after the expiration of the limitation period." *Rowley v. Johnson*, No. CL04-473, 2005 WL 949046, at *1 (Va. Cir. Ct. Mar. 17, 2005). Accordingly, "circumstances exist that render [State corrective] process ineffective to protect the rights of the applicant," 28 U.S.C. §2254(b)(1)(B)(ii), and the court may rule on Petitioner's habeas petition.

### III. CONCLUSION

Petitioner may not file a habeas petition in state court, because Virginia's habeas corpus statute of limitations bars his petition. Because it is undisputed that the record fails to show that Petitioner's plea and sentencing comported with *Miller/Montgomery*, Petitioner's habeas corpus petition will be granted, and his state court sentence will be vacated. The court will order a new sentencing proceeding in Virginia state court on Petitioner's two life sentences without parole. Respondent's motion to dismiss will be denied.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and accompanying Order to all counsel of record.

ENTERED: This 16th day of June, 2016.

*/s/ Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE